**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**ADAM MASKELL**                                                                                           **PLAINTIFF**

**v.**                                       **Case No. 4:23-cv-00520-LPR**

**BRUCE ANDERSON, Judge**                                               **DEFENDANT**

<u>**ORDER**</u>

Plaintiff Adam Maskell's motion to proceed *in forma pauperis* is granted.[1] He reports no income.[2] The law requires that the Court screen his Complaint.[3] A pro se plaintiff must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.[4] Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.[5] Further, while this Court must review pro se complaints liberally, Mr. Maskell must at the very least allege some facts supporting a claim that can be heard by this Court.[6] As currently pleaded, Mr. Maskell has not met this burden.

In his Complaint, Mr. Maskell sues Judge Anderson under 42 U.S.C. § 1983, arguing that Judge Anderson failed to recuse from a state court case as required by 28 U.S.C. § 455(a). According to Mr. Maskell, Judge Anderson previously recused himself from presiding over a

---

[1] Mot. to Proceed *In Forma Pauperis* (Doc. 2); *see Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[2] *Id*.

[3] 28 U.S.C. § 1915(e)(2); Compl. (Doc. 1).

[4] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[5] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[6] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

different state court action in June 2022 due to a conflict of interest.[7]  Mr. Maskell argues that Judge Anderson, therefore, should not be allowed to preside over any of his cases.[8]  He asks that the pending charges against him be dismissed, or that Judge Anderson be instructed to recuse.[9]

A public records search reveals that Mr. Maskell has been criminally charged in Bradley County Circuit Court with felony possession of a firearm, and he continues to await trial on that charge.[10]  While the Court often will refrain from addressing constitutional allegations while a state case remains pending,[11] here, there is no such need.  First, Judge Anderson is a district judge, not a circuit judge, and he is not the judge of record in the pending criminal case against Mr. Maskell.  Second, the disqualification statute on which Mr. Maskell relies governs federal judges, and not state court district judges like Judge Anderson.  Third, with incredibly limited exceptions not relevant here, Judge Anderson is absolutely immune from suit under § 1983 for actions taken in his judicial role.[12]  Nothing in the Complaint plausibly alleges that Judge Anderson has acted either outside his judicial capacity or absent jurisdiction.[13]  The reasons Judge Anderson once recused from presiding over an action involving Mr. Maskell are unknown, conclusorily pleaded, and, most importantly, irrelevant to the outcome of this action in any event.[14]  Finally, even if Mr. Maskell had stated a claim, the relief he seeks is not available under § 1983.  This Court has no authority over state court judges or their dockets.  Accordingly, Mr. Maskell's claims against Judge

---

[7] Compl. (Doc. 1) at 4.

[8] *Id*.

[9] *Id*. at 5.

[10] *See State v. Maskell*, Case No. 06CR-22-25 (Bradley County Circuit Court).

[11] *Younger v. Harris*, 401 U.S. 37 (1971).

[12] *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

[13] *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020).

[14] *Iqbal*, 556 U.S. at 678.

Anderson will be dismissed without prejudice.

Mr. Maskell's Complaint (Doc. 1) is DISMISSED without prejudice for failure to state a claim on which relief may granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

IT IS SO ORDERED this 2nd day of August 2023.

$\hspace{3in}$ _____
$\hspace{3in}$ LEE P. RUDOFSKY
$\hspace{3in}$ UNITED STATES DISTRICT JUDGE